Appeal from decision and award by Workmen’s Compensation Board. Claimant was injured April 28, 1948, while working in a steel mill, suffering a strained back. He has been allowed an award based on partial disability from May 7 to November 1, 1948. Claimant had worked for the same employer during the year preceding the accident, but had worked irregularly, a total of 187 days during the year. To determine the average weekly wages of claimant for the purpose of partial disability, the board applied the formula provided by subdivision 2 of section 14 of the Workmen’s Compensation Law, which provides that if the injured employee shall not have worked in such employment “during substantially the whole of such; year” (before the accident) the average daily wage shall be based on that of'an employee of the same class who did work substantially the whole of the year. Appellant argues that this subdivision should be applied only if the employment itself did not run through substantially all the year, and that, therefore, the alternative formula of subdivision 3 should have been applied here. The statutory test is not the duration of the employment but whether the claimant “ worked ” in it during the prescribed period and we do not regard as unreasonable' the view of the board that it applies to broken and irregular employment. Only if this formula “ cannot reasonably and fairly be applied ” is the alternative method applicable. It is argued that the indolent worker benefits by the regular wage base of the industrious one; but indolence is not the only cause of irregular work and has not been shown to have been in this case. There is no substantial evidence, however, that the wage loss in 1948 after the accident • upon which the award has been based is all, or in any definite part, attributable ■ to the partial disability. In the case especially of a claimant whose record of work for the previous year was very irregular this should be established clearly. *913 The medical opinion in the record does not meet this requirement. Award reversed on the law, without costs, and the claim remitted to the Workmen’s Compensation Board to determine on further evidence the extent, if any, that claimant’s loss of wages after May 7th was due to his partial disability. Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ., concur.